# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. 2:16-cv-09647-CAS(JCx) | Date | March 6, 2018 |
| Title DAMON BANKS v. CHERRY AEROSPACE LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:** (IN CHAMBERS)  - PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Dkt. 26, filed February 7, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7–15. Accordingly, the hearing date of March 12, 2018 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

On November 8, 2016, plaintiff Damon Banks filed a complaint in the instant action against Cherry Aerospace LLC, SPS Technologies LLC d/b/a Air Industries Company, Precision Castparts Corp., and Does 1 to 100 inclusive in Los Angeles County Superior Court (collectively, "defendants").[1] Dkt. 1 & Ex. 1 ("Compl."). On December 22, 2016, defendants filed an answer to the complaint. Dkt. 1-2. On December 30, 2016, defendants filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446. Dkt. 1.

In the complaint, plaintiff asserts claims for (1) wrongful termination in violation of public policy; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) non-payment of wages; and (5) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. See Compl. Plaintiff asserts that he began working for defendants on January 7, 2015, until the time his employment was terminated on June 22, 2015. Compl. ¶ 10. Plaintiff alleges that he was wrongfully terminated for asserting his

---

[1]   The Court subsequently dismissed Does 11-100 on March 31, 2017.  Dkt. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-09647-CAS(JCx) | Date | March 6, 2018 |
| Title | DAMON BANKS v. CHERRY AEROSPACE LLC ET AL. | | |

entitlement to earned wages, and that defendants breached their contractual duty to plaintiff by failing to pay him wages at a contractual rate of $23 per hour. Id. ¶¶ 12, 26. Plaintiff further alleges that defendants engaged in unfair business practices by failing to comply with applicable California wage and hour laws. Id. ¶ 49.

On February 7, 2018, plaintiff filed the instant motion to amend the complaint and add claims for (1) failure to provide meal breaks, (2) failure to provide overtime wages, and (3) failure to provide accurate and itemized wage statements. Dkt. 26 ("Motion"). On February 16, 2018, defendants filed an opposition to plaintiff's motion. Dkt. 27 ("Opp'n"). On February 26, 2018, plaintiff filed a reply. Dkt. 28 ("Reply").

## II. LEGAL STANDARDS

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

Here, the Court has already set a deadline of September 11, 2017, for adding parties and amending pleadings. Therefore, plaintiff must demonstrate "good cause" for bringing this motion under Rule 16; then if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

### A. Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the Court may consider the "existence or degree of prejudice" to the opposing party, the focus of the Court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-09647-CAS(JCx) | Date | March 6, 2018 |
|---|---|---|---|
| Title | DAMON BANKS v. CHERRY AEROSPACE LLC ET AL. | | |

decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

### B.     Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). "Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); see Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

### III.     DISCUSSION

Plaintiff asserts that there is good cause to modify the Court's scheduling order to permit filing of an amended complaint. Reply at 1. In particular, plaintiff notes that his current counsel, Carney R. Shegerian, only recently substituted into this case on October 12, 2017. Motion at 1. During plaintiff's January 11, 2018 deposition, plaintiff provided testimony that he was asked to work through his meal breaks—and, accordingly, plaintiff adduces that he was not provided with accurate wage statements and is likely owed additional overtime wages. Id. (citing Declaration of Mahru Madjidi ("Madjidi Decl.") ¶ 5). As a result, plaintiff seeks to amend his complaint to include factual allegations relating to (1) plaintiffs' work during meal breaks; (2) the resulting inaccurate wage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-09647-CAS(JCx) | Date | March 6, 2018 |
| Title | DAMON BANKS v. CHERRY AEROSPACE LLC ET AL. | | |

statements and unpaid overtime; and (3) claims for violation of California Labor Code sections 226, 510, and 512 for failure to provide accurate and itemized wage statements, meal breaks, and overtime pay. Motion at 4–5. Plaintiff argues that his request for leave to amend will not unnecessarily delay the litigation or prejudice defendants, and that the instant motion was filed within ten days of plaintiff's deposition testimony that brought the new claims to light. Id. at 6. Plaintiff further argues that trial is six months away, plaintiff's deposition has been left open for a second day, and only "minimal discovery" has been exchanged. Id.

In opposition, defendants argue that plaintiff improperly relies on Rule 15—instead of Rule 16—and that his failure to request a modification of the scheduling order warrants denial of the instant motion. Opp'n at 3. Nonetheless, defendants argue that plaintiff fails to demonstrate the good cause necessary to modify the scheduling order because plaintiff fails to show he was diligent in seeking modification. Id. Here, defendants assert that plaintiff was "well aware" of the potential violation of California law because he included a claim for non-payment of wages—and in his deposition, he "readily testified" that he missed a few meal periods. Id. at 4. Defendants contend plaintiff was aware of the alleged misconduct, regardless of whether his counsel failed to ask him questions to discover these allegations. Id. Despite substitution of plaintiff's counsel, defendants argue that counsel had four months to perform due diligence regarding plaintiff's claims prior to his deposition, and because counsel failed to do so, there is no basis for finding good cause for plaintiff's motion. Id. (citing Reed v. City of Modesto, No 11-CV-1083-AWI, 2014 WL 6607924, at *3 (E.D. Cal. Nov. 19, 2014)).

Defendants further argue that leave to amend will substantially prejudice defendants insofar as plaintiff has failed to give notice of meal break and overtime violations, and insofar as defendants have invested significant time and resources to prepare their defenses to plaintiff's specific claims. Id. at 5. Defendants assert that the new claims would require extensive discovery. Id. at 6.

The Court finds that modification of the scheduling order to permit amendment of the complaint should be permitted. In deciding whether to permit modification to the order, the Court should consider: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. United States v. First Nat. Bank of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-09647-CAS(JCx) | Date | March 6, 2018 |
| Title | DAMON BANKS v. CHERRY AEROSPACE LLC ET AL. | | |

Circle, 652 F.2d 882, 887 (9th Cir. 1981). When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed. Id.

Plaintiff's counsel has demonstrated that counsel was recently substituted and subsequently performed a case review. Madjidi Decl. ¶ 2. Although the review did not uncover the alleged meal break violations, it does not appear that this review amounted to bad faith or inexcusable neglect. Moreover, the Court finds no bad faith or undue delay in the fact that plaintiff waited until this stage of the litigation—filing the instant motion ten days after plaintiff's deposition—to amend the pleadings. Even if plaintiff knew of the facts underlying his claim for meal break violations at the outset of the litigation, that fact alone does not warrant denying leave to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) (noting that delay, by itself, is insufficient to justify denying a motion to amend).

With respect to defendants, the Court finds that very little—if any—prejudice or lack of notice would result from the requested amendments. Considering the allegations of wage violations in the complaint, and considering that the facts underlying the claimed meal break violations were adduced by defendants' counsel in the course of taking plaintiff's deposition, it appears that these new allegations present little surprise and no unfair prejudice to defendants. Moreover, only one deposition has been taken, and it does not appear that amendment would prejudice defendants or impact the orderly and efficient conduct of the case at this current juncture.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** plaintiff's motion for leave to file a first amended complaint. The last date to file the first amended complaint that is the subject of this motion shall be **March 14, 2018**. All other dates remain unchanged.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ